# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 19, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**DALE R. HURLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1480** (BOR Appeal No. 2045794)
                    (Claim No. 2006044337)

**UNION STAMPING & ASSEMBLY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dale R. Hurley, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Union Stamping & Assembly, Inc, by Marion Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 13, 2011, in which the Board affirmed a March 14, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 5, 2010, order. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hurley sustained injuries to his right shoulder and lower leg on June 19, 2006, while working for Union Stamping & Assembly, Inc. Mr. Hurley's claim was held compensable for shoulder strain and lower leg contusion. On February 5, 2010, the claims administrator denied Mr. Hurley's request for pain management treatment. On May 20, 2010, the claims administrator denied Mr. Hurley's request for a referral to a pain clinic. Mr. Hurley appealed and argues that past medical treatment has failed to relieve his symptoms and problems resulting from his compensable right shoulder injury. Union Stamping & Assembly, Inc. argues that the claimant's need for pain management is due to his neck injury/surgery which is not a compensable component of this claim.

On May 4, 2007, Dr. Prasadarao Mukkamala evaluated Mr. Hurley and diagnosed him with a shoulder strain and a lower leg contusion. Dr. Mukkamala found that Mr. Hurley had reached maximum medical improvement and could return to work. Dr. Mukkamala indicated that Mr. Hurley had 1% whole person impairment for his range of motion limitations in his shoulder. On November 30, 2009, Dr. Constantino Amores did a physician's review and recommended the denial of a pain clinic consultation. On January 21, 2010, Dr. Charles Werntz III performed a physician's review and recommended the denial of a pain clinic referral because Mr. Hurley's symptoms were not the result of the compensable injury. Dr. Stanley Tao testified during a deposition that the primary purpose of referring Mr. Hurley to the pain clinic was for his neck treatment and that pain management would benefit his shoulder and carpal tunnel. Dr. Tao indicated that the best treatment for Mr. Hurley's shoulder would be injections.

The Office of Judges found that the preponderance of evidence did not establish the medical necessity or reasonableness of Mr. Hurley having pain management or being referred to a pain clinic due to his right shoulder injury. The Office of Judges noted that a review of Dr. Tao's treatment records reflect that Mr. Hurley's neck pain is increasing and is requiring additional treatment. Mr. Hurley's neck injury is not a compensable condition in this claim. The Board of Review reached the same reasoned conclusion in its decision of October 13, 2011. We agree that pain clinic referral is not medically related or reasonably required treatment in respect to Mr. Hurley's June 19, 2006, compensable shoulder injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum